IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 12, 2001

## MARTIN E. WALKER  v. HOWARD CARLTON, ET AL.

**Appeal from the Circuit Court for Johnson County**
**No. 1885     Thomas J. Seeley, Jr., Judge**

**FILED MAY 11, 2001**

**No. E2001-00171-COA-R3-CV**

The Plaintiff, an inmate of the Penal System of this State, sues various prison officials and the American Correctional Association for damages incident to other inmates stealing his property and assaulting him. The Trial Court dismissed the case as to all Defendants. We affirm under the authority granted by Rule 10 of this Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and Charles D. Susano, Jr., JJ., joined.

Martin E. Walker, Mountain City, Tennessee,  Appellant, *Pro Se*

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, and Pamela S. Lorch, Assistant Attorney General, Nashville, Tennessee, for the Appellees, Howard Carlton, Bobby Colson, Harold Angel, Jim Rose, Jeff Tester, and Tennessee Department of Corrections

No Representation on Appeal by American Correctional Association

**OPINION**

This is a suit by Martin E. Walker, an inmate in the Northeast Correctional Complex located in Mountain City, against Warden Howard Carlton, Inmate Relations Coordinator, Bobby Colson, Unit Manager, Harold Angel, Assistant Commissioner, Jim Rose, Tennessee Department of Corrections Officer, Jeff Tester, and the American Correctional Association.

His suit seeks damages because, according to the complaint, the Defendants failed to repair his cell door after being notified by him, which resulted in an incident occurring on June 21, 1998.

On this date Mr. Walker awoke at approximately 6:00 a.m. and found two inmates stealing from his locker. Thereafter, he was assaulted by the inmates, resulting in his arm and leg being cut, his nose being broken, a concussion and a dislocated finger.

The Trial Judge sustained the motion of the individual Defendants to dismiss because Mr. Walker failed to comply with certain provisions of the Tennessee Code relative to suits by inmates--particularly T.C.A. 41-21-805.[1]

The American Correctional Association filed a motion to dismiss, supported by an affidavit of its Executive Director, which, of course, converted the motion to dismiss into one for summary judgment.

The thrust of the affidavit is that the Association is a private organization not affiliated with any law enforcement agencies and, consequently, the cause of action which the Association perceives is one for violating Mr. Walker's civil rights, cannot be maintained against it. The affidavit also recites that the Association has no authority except to make recommendations as to improvement of the Penal Facility.

Our review of the record persuades us this is an appropriate case for affirmance under Rule 10 of this Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Walker.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[1] **41-21-805. Affidavit of inability to pay – Requirements.** – (a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:
(1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and
(2) For each claim or action listed in subsection (a):
 (A) The operative facts for which relief was sought;
 (B) The case name, case number and court in which the suit or claim was filed;
 (C) The legal theory on which the relief sought was based;
 (D) The identification of each party named in the action; and
 (E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.
(b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.
(c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.